## J. L. Riddell v. Jesse Smith.

Where a tutor of a minor employs an attorney at law whose services were rendered principally for the tutor himself, he has no right to charge the same to the minor. If the services so rendered were in part chargeable to the minor, but for a less amount than three hundred dollars, the tutor cannot give jurisdiction to the Supreme Court by mixing up that claim with a claim for a reimbursement of the sum paid for the services rendered to himself.

RIDDELL
  *v.*
SMITH.

APPEAL from the Second District Court of New Orleans, *Lea*, J.   T. A. *Bartlette*, for plaintiff.   *E. Briggs*, for defendant.   The judgment of the court was pronounced by

ROST, J.   The plaintiff claims three hundred dollars and costs, this being the amount of a judgment rendered against him in favor of *T. H. Howard, Esq.*, for professional services as attorney at law, on the ground that those services were rendered for the benefit of the defendant, whose tutor the plaintiff then was.

The defendant alleges, and it was held by the district court, that the services of *Mr. Howard* were rendered to the plaintiff himself, and that he alone was liable for them.   He has appealed.

*Mr. Bartlette* was the regular counsel who attended to the minor's interest, and he received for it a fee of $500, which is a very ample compensation for any services he is shown to have rendered.

In one instance, *Mr. Howard* signed a petition in behalf of the minor jointly with *Mr. Bartlette*, and in another they took a rule together against his former tutor.   But no further steps appear to have been taken either on the petition or the rule; and all the other services for which *Mr. Howard* has obtained compensation were rendered to the plaintiff personally.

We are not satisfied of the necessity or propriety of subjecting the minor to the expense of two counsels in proceedings simple in themselves, and which do not appear to have led to any result; but if we should be in error in this, the value of the services rendered is not shown, and must be a sum far below our jurisdiction.   The plaintiff cannot be permitted to evade the constitutional provision which limits that jurisdiction, by mixing up claims against himself with those he may have against the defendant.

The appeal is therefore dismissed, with costs.